CURRAN and others *v.* ST. LOUIS REFRIGERATOR & WOODEN GUTTER CO. and others.[1]

*(Circuit Court, E. D. Missouri.* December 13, 1886.)

1. PATENTS FOR INVENTIONS—REISSUES—BROADENED CLAIMS—DELAY.
    The right to a reissue with a broadened claim is lost by a delay of four years in making application therefor.

2. SAME—REISSUED LETTERS PATENT No. 9,309 FOR AN IMPROVEMENT ON LUMBER DRIERS.
    The second clause of the claim of reissued letters patent No. 9,309 makes said claim broader than the claim of the original patent.

3. SAME—REISSUED LETTERS PATENT No. 8,846.
    The second clause of the claim of reissued letters patent No. 8,846 makes said claim broader than the claim of the original patent. The fifth and sixth clauses introduce no new element.

4. SAME—REISSUED LETTERS PATENT No. 8,840.
    The claim of reissued letters patent No. 8,840 is no broader than the claim of the original patent.

In Equity.    Demurrer to Bill.

This is a bill for injunction and damages for the alleged infringement of three reissued letters patent, all for improvements in lumber driers, viz.: (1) Reissued letters patent No. 9,309, issued July 20, 1880, to E. J. Sumner's assignees, being reissue of original letters patent No. 125,098, dated March 26, 1872; (2) reissued letters patent No. 8,846, issued August 12, 1879, to J. J. Curran and C. Wilcox, originally granted March 30, 1875, and numbered 161,490; (3) reissued letters patent No. 8,840, issued to J. J. Curran and C. Wilcox August 12, 1879, originally granted April 10, 1877, and numbered 189,432.

The defendants demur upon the following grounds, viz.:

"(1) That the complainants have not made or stated such a case as entitles them in this honorable court to any discovery or relief in respect to the infringement charged of the second clause of the claim of said letters patent reissue No. 8,309, for that it appears by the said bill of complaint that letters patent No. 125,098, whereof profert is made in the said bill, were issued and granted March 26, 1872; that the reissue thereof, No. 9,309, whereof profert is also made, was granted and issued July 20, 1880, upon the application of the patentee made October 28, 1879; that the said letters patent reissue No. 9,309 contain a clause in the claim thereof not contained in the claim of the said original letters patent No, 125,098, to-wit: the clause numbered 2 therein, which is an enlargement of the scope of the claim of said original letters patent, whereby the said reissue letters patent are made to claim new subject-matters of invention not contained in or covered by the claim of said original letters patent; that, inasmuch as the said patentee delayed and neglected for more than seven years to apply for the said reissue letters patent No. 9,309, the grant thereof with said second clause of its claim was contrary to the provisions of the Revised Statutes of the United States, tit. 60, c. 1.

"(2) That the complainants have not made or stated such a case as entitles them in this honorable court to any discovery or relief in respect to the infringement charged of the second, fifth, and sixth clauses, or either of them, of the claim of said letters patent reissue No. 8,846, for that it appears by the

[1]Edited by Benj. F. Rex, Esq., of the St. Louis bar.

said bill of complaint that letters patent No. 161,490, whereof profert is made in the said bill, were granted and issued March 30, 1875; that the reissue thereof, No. 8,846, whereof profert is also made, was granted and issued August 12, 1879, upon the application of the patentee therefor, made July 2, 1879; that the said letters patent reissue No. 8,846 contain three clauses in the claim thereof not contained in the claim of the said original letters patent No. 161,490, to-wit: the clauses numbered 2, 5, and 6 therein, each of which said clauses enlarges the scope of the claim of said original letters patent, whereby the said reissue letters patent are made to claim new subject-matters of invention not contained in or covered by the claim of the said original letters patent; that, inasmuch as the said patentee delayed and neglected for more than four years to apply for the said reissue letters patent No. 8,846, the grant thereof with said second, fifth, and sixth clauses of its claim was contrary to the provisions of the Revised Statutes of the United States, tit. 60, c. 1.

"(3) That the complainants have not made or stated such a case as entitles them in this honorable court to any discovery or relief in respect to the infringement charged of the fifth and seventh clauses, or either of them, of the claim of said letters patent reissue No. 8,840, for that it appears by the said bill of complaint that letters patent No. 189,432, whereof profert is made in said bill, were granted and issued April 10, 1877; that the reissue thereof, No. 8,840, whereof profert is also made, was granted and issued August 12, 1879, upon the application of the patentee therefor made July 2, 1879; that the said letters patent reissue No. 8,840 contain two clauses in the claim thereof not contained in the claim of the said original letters patent No. 189,-432, to-wit: the clauses numbered 5 and 7 therein, each of which said clauses enlarges the scope of the claim of said original letters patent, whereby the said reissue letters patent are made to claim new subject-matters of invention not contained in or covered by the claim of the said original letters patent; that, inasmuch as the said patentee delayed and neglected for more than four years to apply for the said reissue letters patent No. 8,840, the grant thereof with said fifth and seventh clauses of its claim was contrary to the provisions of the Revised Statutes of the United States, tit. 60, c. 1."

*Krum & Jonas* and *Jesse Cox*, for complainants.
*Hyde, Dickinson & Howe* and *Elmer P. Howe*, for defendants.

TREAT, J.    As to reissue No. 9,309, the same not having been made for more than seven years after the original patent was issued, the said second claim in the reissue cannot be upheld; therefore demurrer thereto is sustained.

Reissue No. 8,846, as to the claims referred to in the demurrer, the court holds that the demurrer is well taken as to the second claim, but not as to the fifth and sixth.

As to reissue No. 8,840, the demurrer is overruled as to the fifth and seventh claims therein.